# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9069 | **DATE** | 12/17/2002 |
| **CASE TITLE** | Verotix Systems, Inc. vs. Follett Library Resources | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In short, without question "it appears that the district court lacks subject matter jurisdiction" (Section 1447(b)). That being so, Section 1447(c) mandates remand to the Circuit Court of the Twelfth Judicial Circuit (Will County, Illinois), and this Court so orders. The Clerk is ordered to mail the certified copy of the remand order forthwith (see this District Court's LR 81.2(b)).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 1 8 2002 | |
| | Notified counsel by telephone. | | date docketed | 3 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 12/17/2002 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VEROTIX SYSTEMS, INC., )
)
         Plaintiff, )
)
v. ) No. 02 C 9069
)
FOLLETT LIBRARY RESOURCES, )
)
         Defendant. )

## MEMORANDUM OPINION AND ORDER

Follett Corporation ("Follett," sued in the name of one of its divisions, Follett Library Resources) has sought to remove this action from its place of origin in the Circuit Court of the Twelfth Judicial Circuit (Will County, Illinois) on the last permissible day: Follett received a copy of the Complaint brought against it by Verotix Systems, Inc. ("Verotix") on November 13, and its Notice of Removal ("Notice") was filed on the thirtieth day thereafter, December 13 (see 28 U.S.C. §1446(b)[1]). Because Follett's removal effort depends on an impermissible recharacterization of Verotix' action that would revise its carefully structured state law claims by inserting a purported (but not actual) federal question claim as well, federal subject matter jurisdiction is lacking here. Accordingly this Court sua sponte remands this state law action to the state court.

---

    [1] All further references to Title 28's provisions will simply take the form "Section--."

Nearly nine decades have passed since Justice Holmes announced for the Supreme Court, in The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913), the governing principle of removal jurisprudence:

> Of course, the party who brings a suit is master to decide what law he will rely upon.

That principle has lost neither viability nor vitality with the passage of time. Except for the few limited areas of "complete pre-emption" that the Supreme Court has since marked out (of which the attempted recharacterization by Follett is not one)--areas in which a complaint is treated as advancing a federal claim despite any "artful pleading" effort to make it seem otherwise (see, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) and cases cited there)--a plaintiff such as Verotix still remains master of its claims and of the law on which they rely.

Here Verotix' Complaint is meticulously crafted: Its Count I asserts a cause of action[2] under the Illinois Trade Secrets Act (765 ILCS 1065/1 to 1065/9), its Count II sets out a cause of action for breach of the License Agreement between the parties, its Count III claims a breach of the Service and

---

[2] For federal pleadings, of course, the appropriate terminology is a "claim for relief" (see, e.g., NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992)). But Illinois' state court pleading and its substantive law are framed in "cause of action" terms.

2

Maintenance Agreement between the parties and its Count IV charges Follett with the tort of conversion--and all of those are plainly claims under state law. It is true that both Count I ¶23 and the License Agreement make brief collateral references to some copyright protection that Verotix has obtained as part of its efforts to maintain the secrecy and confidentiality whose protection is at the heart of the litigation, but Verotix has specifically refrained from charging Follett with copyright infringement as a gravamen (or even partial gravamen) of any of its causes of action. It is not for Follett to attempt to transmute those state law causes of action into a federal claim of copyright infringement just because it would prefer a federal forum.

Indeed, in a way Follett's counsel have unwittingly confirmed what has just been said by asserting (correctly) in Notice at 2 that the federal courts have exclusive jurisdiction over claims of copyright infringement under the Copyright Act (see Section 1338(a)). It is clear from Verotix' Complaint and from all of the other exhibits attached to the Notice[3] that Verotix' counsel are skilled practitioners--and the very fact that they chose a state court forum in which to litigate their

---

[3] Those exhibits include Verotix' Motion for Temporary Restraining Order, its supporting Memorandum of Law, its Emergency Motion for Expedited Discovery and a number of other documents implementing that motion.

carefully labeled state law causes of action really underscores the proposition that they are *not* asserting any copyright infringement claim. Nor can it fairly be contended that Verotix' claims, advanced in the fashion that they have been, will necessarily implicate the construction of the federal copyright laws.[4]

As if to confirm the poverty of Follett's position, which improperly seeks to convert Verotix' state law action into a federal question action, Notice at 3 purports to support its removal effort by pointing to Follett's contemporaneous filing of a counterclaim under the Lanham Act. That notion of course violates black letter removal law (see, e.g., 16 Moore's Federal Practice §107.14[3][a][vi](3d ed. 2002)). As the Supreme Court has put the matter in Caterpillar, 482 U.S. at 399 (emphasis in original):

> But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

---

[4] In that respect, it has been firmly established since Gully v. First Nat'l Bank of Meridian, 299 U.S. 109 (1936) that the merely collateral or merely possible involvement of some federal question will not support removal (see the discussion in 14B Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure: Jurisdiction 3d §3722, at 421-25 (3d ed. 1998) and cases cited there).

4

In short, without question "it appears that the district court lacks subject matter jurisdiction" (Section 1447(b)). That being so, Section 1447(c) mandates remand, and this Court so orders. And because this action has been and continues to be handled on an expedited basis--Follett acceded to Verotix' motion for entry of a temporary restraining order (Notice Ex. D), expedited discovery has been ordered by the Circuit Court (Notice Ex. G), and the state court action has been moving forward swiftly on Verotix' prayer for injunctive relief--the Clerk is ordered to mail the certified copy of the remand order forthwith (see this District Court's LR 81.2(b)).

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 17, 2002